

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

John Doe 1

Plaintiff/Counter Defendant

V

Patrick-Joseph: Groulx

Defendant/Counter Plaintiff

**Case No.**
JURY TRIAL IS DEMANDED PURSUANT
TO THE SEVENTH AMENDMENT OF THE
UNITED STATES CONSTITUTION

Case: 1:24-cv-12129
Judge: Ludington, Thomas L.
MJ: Morris, Patricia T.
Filed: 08-14-2024
REM Doe v. Groulx (tt)

---

### COUNTER COMPLAINT

## I.  CIVIL PARTIES OF THE COMPLAINT AND CONTACT INFORMATION

    **A.** John Doe is an unknown plaintiff/Counter Defendant who resides in Saginaw
County and is a governmental actor or governmental entity of Saginaw County

    **B.** Patrick-Joseph: Groulx is the Defendant/ CounterPlaintiff who resides in Saginaw
Michigan at 2070 Houlihan Road with a phone number at 989 860-2550 and an
email of mr.288074@yahoo.com

## II.  JURISDICTION AND VENUE

A.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants
federal question jurisdiction. The matter involves claims arising under 42 U.S.C. § 1983,
alleging violations of the Eighth Amendment's prohibition against cruel and unusual
punishment and the Fourteenth Amendment's guarantees of due process and equal
protection. Additionally, claims are asserted under 18 U.S.C. § 287 for the submission of
false, fictitious, or fraudulent claims, and under Michigan Compiled Laws Section
750.370 for false and malicious accusations, both of which also constitute violations of
the Eighth and Fourteenth Amendments. The complaint further includes allegations under
28 U.S.C. § 4101 for defamation of character, and asserts that the wrongful initiation of
charges without probable cause, including for civil infractions, violates the Fourth
Amendment.

B.  Venue is proper pursuant to the jurisdiction of the federal question

### III. NATURE OF THE ACTION

On August 1, 2024, the Counter Plaintiff, accompanied by his wife, departed from their residence in a red Mini Cooper. The residence is located off of Houlihan Road. As the Counter Plaintiff approached the intersection with a stop sign, he came to a complete stop and looked both ways. However, his view to the left was obstructed by trees and tall grass. Consequently, the Counter Plaintiff proceeded approximately ten feet past the stop sign, where he looked both ways again. Although his view remained partially obstructed by the tall grass—now impeding his visibility by 30% to 45%, compared to the previous 100% obstruction—he could not advance further without encroaching into the intersection of Houlihan Road and East Road.

At this point, the Counter Plaintiff observed a vehicle approximately 150 feet away from the intersection and proceeded through the intersection. Upon reaching the east side of the road, he noticed a motorcycle traveling northward, with its front end wobbling significantly. The motorcycle was about 200 to 250 feet from the intersection when the Counter Plaintiff first saw it. The Counter Plaintiff continued driving until he reached the township's entrance on Houlihan Road which is actually 300 feet from the intersection pursuant to Saginaw GIS. There, both he and his wife observed in their rearview mirrors a man sliding off his bike.

Exercising good morals, the Counter Plaintiff immediately pulled into the township's parking lot, parked the car, and ran across the road to assist the injured individual. Several bystanders also came from their homes or across the road to help. The Counter Plaintiff's wife, who has a medical background, provided assistance to the injured man. Shortly thereafter, Spaulding Township's Volunteer Firefighters arrived at the scene. The injured party, who was then sitting upright, informed the emergency responders that he had been avoiding a truck that almost hit him. An ambulance arrived a few minutes later, and the injured party was transported for medical care.

Approximately ten minutes later, two officers from the Saginaw County Sheriff's Office arrived and began their investigation. The investigation resulted in the Counter Plaintiff receiving a citation for failing to yield, allegedly leading to the accident.

Subsequently, the Counter Plaintiff conducted his own investigation. He spoke with a man from Yeager Asphalt who mistakenly believed that the Counter Plaintiff was driving the truck involved in the incident, thereby assuming the Counter Plaintiff's responsibility for the accident. The Counter Plaintiff then walked north along East Road, where he noticed skid marks attributed to both the motorcycle and another vehicle. It appeared that a truck, exiting the Dollar General store, had swerved to avoid the motorcyclist, causing the latter's accident. The Counter Plaintiff, who had exercised a high degree of caution at the stop sign, including stopping twice and checking for oncoming traffic despite visual obstructions, was not responsible for causing the motorcyclist's accident.

Since Counter Plaintiff was 300 feet away from the accident, it would be difficult to establish a direct causal connection between his actions and the accident. Causation generally requires a more immediate and direct link between an individual's conduct and the resulting harm. Being 300 feet away from the scene suggests that Counter Plaintiff was not directly involved in the

events leading to the accident. Consequently, it would be challenging to argue that his actions were a proximate cause of the incident, especially since there is no evidence that he directly interacted with or influenced the events that led to it.

The Counter Plaintiff brings allegations under 42 U.S.C. § 1983, claiming violations of the Eighth Amendment's prohibition against cruel and unusual punishment and the Fourteenth Amendment's guarantees of due process and equal protection. Additionally, claims are asserted under 18 U.S.C. § 287 for the submission of false, fictitious, or fraudulent claims, and under Michigan Compiled Laws Section 750.370 for false and malicious accusations, both of which also constitute violations of the Eighth and Fourteenth Amendments. The complaint further includes allegations under 28 U.S.C. § 4101 for defamation of character and asserts that the wrongful initiation of charges without probable cause, including for civil infractions, violates the Fourth Amendment.

**Mathematical Analysis of Distance and Speed**

The injured party asserts that he was traveling at the speed limit. Assuming this to be true, if the Counter-Plaintiff was 300 feet away when he observed the motorcyclist's crash, it is reasonable to conclude that when the Counter-Plaintiff crossed the intersection, the motorcyclist was approximately 300 feet from the intersection on East Road.

Given that the Counter-Plaintiff was traveling at 40 miles per hour, it is plausible to infer that the motorcyclist was traveling at a speed of 60 miles per hour down East Road. However, the Counter-Plaintiff finds it illogical that a stationary vehicle could rapidly accelerate to 4,000 RPMs and cross the road, as he did not do so. Instead, the Counter-Plaintiff accelerated gradually from 0 to 25 mph, then to 30 mph, and eventually reached 40 mph before coming to a stop in front of the Township's parking lot on Houlihan Road, at which point he and his wife observed the motorcyclist's crash.

Calculating the average speed based on these figures ("0," "25," "30," and "40" mph), the average speed comes to approximately 24 mph. This suggests that the motorcyclist was traveling between 65 mph to 70 mph, a speed frequently observed by the Counter-Plaintiff as vehicles routinely pass him at 55 mph down East Road.

Therefore, this analysis further supports the assertion that the Counter-Plaintiff was not the proximate cause of the injured party's injuries and the accident.

**IV. ENTITLEMENT**

Defendant/Counter Plaintiff had no time to send a notice of intent, demand and/or resolution to the officer who would of handed it to the Plaintiff/ Counter Defendant, so because of this issue Defendant/ Counter Plaintiff is entitled to only $75,000.00 Seventy-Five Thousand Dollars which is the minimum a person can file a claim in this court

## V. RESERVATION OF RIGHT

Counter Plaintiff, Patrick-Joseph: Groulx reserves the right to amend his counter complaint when he discovers who the counter defendant actually is and add other allegations if necessary.

## VI. GOVERNMENTAL IMMUNITY

Governmental immunity does not apply when a governmental actor, employee, or entity violates the Constitution or federal or state laws, policies, codes, or rules. In this matter, the governmental entity and its employee acted beyond the scope of their official duties and engaged in malicious conduct against the adverse party. Specifically, their actions included:

1. Violating the Fourth Amendment by acting without probable cause;

2. Violating the Eighth Amendment by subjecting the Counter Plaintiff to cruel and unusual punishment by falsely blaming them for the accident and fabricating a claim of failure to yield, in violation of 18 U.S.C. § 287;

3. Violating the Fourteenth Amendment by serving the Counter Plaintiff with a summons and complaint that lacked essential information, such as the case number, the court in which the case is to be argued, the identity of the plaintiff, and other requirements for a valid summons and complaint, thereby causing confusion and denying due process.

## VII. ALLEGATIONS

Plaintiff incorporates by reference the allegation in the proceeding paragraphs.

### COUNT I

### FRAUDULENT VIOLATION OF COUNTER PLAINTIFF'S EIGHTH AMENDMENT RIGHT AGAINST UNUSUAL PUNISHMENT PURSUANT TO 42 U.S.C. § 1983

1. Counter Defendant's employee, James Laporte, had actual knowledge that on August 1, 2024, at approximately 1:45 PM, at the intersection of Houlihan Road in Saginaw, Michigan, the Counter Plaintiff asserted he had stopped twice, looking both ways before crossing. (See Exhibits A and B)

2. Counter Defendant's employee, James Laporte, fraudulently issued a traffic violation ticket to the Counter Plaintiff without evidence to substantiate a violation of MCL 257.649. (See Exhibit A, B and C)

3. The Counter Plaintiff was located 300 feet from the scene of the incident on an adjacent road at the time of the accident. (See Exhibit A, B and D)

4. James Laporte, acting in his capacity as an employee of the Counter Defendant, violated the Counter Plaintiff's Eighth Amendment rights by issuing the aforementioned citation. (See Exhibit E)

5. James Laporte, as an employee of the Counter Defendant, has taken an oath to uphold both the Michigan and United States Constitutions. (See Exhibit F)

6. The Counter Plaintiff suffered injury due to Counter Defendant's employee James Laporte's actions in issuing a citation that constituted cruel and unusual punishment, in violation of the Counter Plaintiff's Eighth Amendment rights, as protected under 42 U.S.C. § 1983. (See Exhibits A, B, D, E, G, and H)

7. James Laporte, in his capacity as an employee of the Counter Defendant, had actual knowledge that his actions constituted a violation of the Counter Plaintiff's civil rights under the Eighth Amendment. (See Exhibits A, B, D, E, G, and H)

8. Counter Defendant's employee James Laporte was aware that 42 U.S.C. § 1983 is established public law protecting civil rights. (See Exhibit H)

9. Counter Plaintiff seeks an extraordinary judgment in Count I against defendant demanding an amount of $18, 750.00 (Eighteen Thousand Seven Hundred Fifty Dollars) to be deposited into his bank account. This claim encompasses intentional, punitive, governmental, fraudulent, and private tort actions, entailing future, general, special, constitutionally, and tort damages. The requested judgment includes an annual interest rate of 13%, compounded monthly, along with an additional annual statutory interest rate of 1% from the date of filing the Counter Complaint.

## COUNT II

## FRAUDULENT VIOLATION OF THE FOURTH AMENDMENT RIGHT TO PROBABLE CAUSE PURSUANT TO 42 U.S.C. § 1983

1. On August 1, 2024, at approximately 1:45 PM, around Houlihan Road in Saginaw, Michigan, Counter Defendant's employee, James Laporte, fraudulently claimed to know the details of the incident and wrongfully attributed fault to the Counter Plaintiff for failing to yield, despite lacking all the relevant facts regarding the accident. (See Exhibits A, B, and D)

2. James Laporte, acting in his capacity as an employee of the Counter Defendant, was aware that the facts provided by the Counter Plaintiff did not support a violation of MCL 257.649(4)(c). (See Exhibit A, B and C)

3. James Laporte had actual knowledge that there was no probable cause to substantiate a failure to yield, as no witnesses were present to confirm such a violation. (See Exhibit A, B and D)

4. The Counter Plaintiff has suffered serious injury as a result of this Fourth Amendment violation and anticipates financial harm, constituting a deprivation of rights under 42 U.S.C. § 1983.

5. James Laporte , an employee of the Counter Defendant was aware that the Fourth Amendment protects civil rights of probable cause.

6. James Laporte, as an employee of the Counter Defendant, took an oath to uphold the rights enshrined in the Constitutions of Michigan and the United States. (See Exhibit F)

7. James Laporte had actual knowledge that 42 U.S.C. § 1983 is established public law safeguarding civil rights. (See Exhibit H)

8. Counter Plaintiff seeks an extraordinary judgment in Count II against defendant demanding an amount of $18, 750.00 (Eighteen Thousand Seven Hundred Fifty Dollars) to be deposited into his bank account. This claim encompasses intentional, punitive, governmental, fraudulent, and private tort actions, entailing future, general, special, constitutionally, and tort damages. The requested judgment includes an annual interest rate of 13%, compounded monthly, along with an additional annual statutory interest rate of 1% from the date of filing the Counter Complaint.

## COUNT III

### FRAUDULENT FALSE STATEMENT THROUGH A SUMMONS AND COMPLAINT PURSUANT TO 18 U.S.C. § 287

1. On August 1, 2024, at approximately 2:00 PM, at the intersection of Houlihan Road and East Road in Saginaw, Michigan, Counter Defendant's employee, James Laporte, fraudulently served the Counter Plaintiff with a summons and complaint, falsely alleging a failure to yield in violation of MCL 257.649(4)(c). (See Exhibits A, B, C)

2. James Laporte, acting in his capacity as an employee of the Counter Defendant, was aware that no witnesses were present to observe the Counter Plaintiff committing a violation as required by MCL 257.742(3). (See Exhibit A, B, and I)

3. The Counter Plaintiff has sustained financial injury and emotional distress as a result of these false allegations.

4. Counter Plaintiff seeks an extraordinary judgment in Count III against defendant demanding an amount of $18, 750.00 (Eighteen Thousand Seven Hundred Fifty Dollars) to be deposited into his bank account. This claim encompasses intentional, punitive, governmental, fraudulent, and private tort actions, entailing future, general, special, constitutionally, and tort damages. The requested judgment includes an annual interest rate of 13%, compounded monthly, along with an additional annual statutory interest rate of 1% from the date of filing the Counter Complaint.

## COUNT IV

## FRAUDULENT VIOLATION OF THE FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND EQUAL TREATMENT PURSUANT TO 42 U.S.C. § 1983

1. On August 1, 2024, at approximately 2:00 PM, at the intersection of Houlihan Road and East Road, Counter Defendant's employee, James Laporte, fraudulently issued a ticket to the Counter Plaintiff, alleging that he caused the accident. The injured party had stated that they were avoiding being hit by a truck. (See Exhibit A and B)

2. James Laporte's actions confused the Counter Plaintiff, infringing upon his Fourteenth Amendment right to due process by leaving him uncertain as to why he was being blamed for the accident. (See Exhibit A)

3. Furthermore, James Laporte violated the Counter Plaintiff's due process rights by issuing a ticket without any witnesses, as required by MCL 257.742(3), to support the allegation of failure to yield under MCL 257.649(4)(c). (See Exhibit A, B C and I)

4. James Laporte, as an employee of the Counter Defendant, has taken an oath to uphold the rights guaranteed by the Constitutions of Michigan and the United States. (See Exhibit F)

5. The Counter Plaintiff has suffered injury due to this violation of his Fourteenth Amendment right to due process, constituting a deprivation of rights under 42 U.S.C. § 1983. (See Exhibits H and J)

6. James Laporte had actual knowledge that 42 U.S.C. § 1983 is established public law protecting civil rights. (See Exhibit H)

7. Counter Plaintiff seeks an extraordinary judgment in Count IV against defendant demanding an amount of $18, 750.00 (Eighteen Thousand Seven Hundred Fifty Dollars) to be deposited into his bank account. This claim encompasses intentional, punitive, governmental, fraudulent, and private tort actions, entailing future, general, special, constitutionally, and tort damages. The requested judgment includes an annual interest rate of 13%, compounded monthly, along with an additional annual statutory interest rate of 1% from the date of filing the Counter Complaint.

## RELIEF

Counter Plaintiff seeks an extraordinary judgment for Count I, II, II, and IV against defendant demanding an amount of $75,000.00 (Seventy-Five Thousand Dollars) to be deposited into his bank account. This claim encompasses intentional, punitive, governmental, fraudulent, and private tort actions, entailing future, general, special, constitutionally, and tort damages. The requested judgment includes an annual interest rate of 13%, compounded monthly, along with an additional annual statutory interest rate of 1% from the date of filing the Counter Complaint.

Patrick-Joseph: Groulx
2070 Houlihan Road
Saginaw, Michigan [48601]
989 860-2550
mr.288074@yahoo.com

Date: August 13, 2024

Exhibit A

## AN AFFIDAVIT OF TRUTH BY Patrick-Joseph: Groulx

NOW COMES Affiant, Patrick-Joseph: Groulx with an Affidavit of Truth.

Affiant incorporates all the facts, truths and declarations in the preceding paragraphs:

1. **I, Patrick-Joseph: Groulx** am competent for stating the matters set forth here with.

2. **I, Patrick-Joseph: Groulx** have personal knowledge concerning the facts stated herein.

3. All the facts stated herein are true, correct, complete, and certain, not misleading, admissible as evidence, and if stating **I, Me, Myself**, and One Patrick-Joseph: Groulx shall so state:

> On August 1, 2024, I was in the company of my wife, Carol, as we departed our residence in our Mini Cooper, traveling eastbound on Houlihan Road. Upon reaching the intersection with a stop sign, I brought the vehicle to a complete stop. I looked first to my right and then to my left to check for oncoming traffic. Although no vehicles were visible to my right, my view was significantly obstructed by dense trees, bushes, and tall grass. After moving the car approximately 10 feet forward, I again looked both ways and observed no vehicles that would impede my intended crossing of Houlihan Road.

> As I proceeded to cross, I caught a glimpse of a motorcyclist in my peripheral vision. Upon reaching the east side of the road, I noticed that the motorcyclist, approximately 200 feet away, appeared to be struggling to maintain control of his motorcycle. I continued driving until I arrived at the entrance to the Spaulding Township parking lot on Houlihan Road, at which point I observed in my rearview mirror that the motorcyclist had been involved in an accident. Although I did not witness the exact cause of the crash, I immediately pulled into the Township's parking lot, parked the car, and, along with my wife, went to render aid to the injured motorcyclist.

> Approximately 15 minutes later, a volunteer firefighter from Spaulding Township arrived to assist. While the motorcyclist was seated upright, the firefighter asked him what had happened. The motorcyclist stated that he had been avoiding a collision with a truck. When the Saginaw County Sheriff's deputies arrived on the scene, they conducted their investigation and concluded that I was at fault, subsequently issuing me a citation for failure to yield.

After returning home from Meijer, I conducted my own investigation and determined that, at the time of the motorcyclist's crash, I was approximately 300 feet down Houlihan Road. The crash site was on East Road, where the motorcyclist was heading south. If I had been traveling at a speed of 50 miles per hour from the stop sign to the Township's parking lot entrance, it is reasonable to conclude that the motorcyclist was about 300 feet from the intersection when I crossed. Given his statement that he was traveling at the speed limit of 55 miles per hour, I discovered fresh tire marks exiting the General Dollar parking lot and swerving to the side of the road. These tire marks align with those left by the motorcyclist's bike, leading me to believe that they belong to the vehicle that the motorcyclist was trying to avoid, corroborating his claim that he was evading a collision with a truck.

4. If any living soul has information that will controvert and overcome this Declaration, since this a commercial matter, please advise me IN WRITING by DECLARATION/AFFIDAVIT FORM, under your unlimited commercial liability, including but not limited to the pains and penalties of perjury, within 28 days providing me with your counter Declaration/Affidavit, proving with particularity by stating all requisite actual evidentiary fact(s) and all requisite actual law, and not merely the ultimate facts and law conclusions that this affidavit by Declaration is substantially and materially my or the fiction's status and factual declaration.

5. Your silence stands as consent, and tacit approval, for the factual declarations here being established as fact as a law matter and this affidavit by Declaration will stand as evidence against you.

## Plain Statement of Facts

I declare that the statements above are true to the best of my information, knowledge, and belief.

_Patrick-Joseph: Groulx_                              8 - 15 - 2024

Patrick-Joseph: Groulx                                     Date
2070 Houlihan Road
Saginaw Michigan
989 860-2550

## JURAT

SAGINAW COUNTY       )
                             )

MICHIGAN STATE        )

Subscribed and affirmed before me this _____ 13th _____ day for the _____ Aug _____ month in the year of our Primal Creator, Two Thousand and Twenty-Four (2024), A.D.

_____
Notary

1115 S Washington Sag MI 48601 _____ Seal
Address of notary

7-30-2028
My notary expires

HOWARD EAGLE
Notary Public - State of Michigan
County of Saginaw
My Commission Expires Jul 30, 2028
Acting in the County of _____

Exhibit B

### *AN AFFIDAVIT OF TRUTH BY Carol Jean Groulx*

NOW COMES Affiant, Carol Jean Groulx with an Affidavit of Truth.

Affiant incorporates all the facts, truths and declarations in the preceding paragraphs:

1. **I, Carol Jean Groulx** am competent for stating the matters set forth here with.

2. **I, Carol Jean Groulx** have personal knowledge concerning the facts stated herein.

3. All the facts stated herein are true, correct, complete, and certain, not misleading, admissible as evidence, and if stating **I, Me, Myself**, and One Carol Jean Groulx shall so state:

    a. I affirm that on August 1, 2024, at approximately 1:45 PM, my husband, Patrick-Joseph Groulx, and I departed to go to Meijer. My husband was driving a red Mini Cooper, and I was the passenger.

    b. As we approached the stop sign on Houlihan Road, both my husband and I looked in both directions. Our view to the north of East Road was obstructed by trees, bushes, and tall grass. There were no vehicles behind us, no vehicles on the opposite side of East Road on Houlihan Road, and no oncoming traffic from the south towards the north on East Road.

    c. After being stopped for about 10 seconds, my husband moved the vehicle forward approximately 10 feet to improve our view of any oncoming traffic traveling from the north heading south on East Road. The visibility improved by approximately 65% or more, and we did not observe any vehicles close enough to prevent us safely crossing East Road to the other side of Houlihan Road.

    d. Once we crossed East Road and reached the entrance to Spaulding Township on Houlihan Road, my husband and I observed in the mirrors that an accident had occurred. We pulled into the Township parking lot and ran to assist the injured party.

    e. While I was assisting the injured individual, approximately 15 minutes later, a Spaulding Township Firefighter Volunteer arrived. The firefighter approached the injured party, who was sitting upright, and asked him what had happened. The injured man responded, "I was avoiding a truck or a truck hitting me."

    f.   I affirm that I subsequently used the Saginaw GIS distance tool and determined that my husband and I were approximately 300 feet on the other side of Houlihan Road when the motorcycle accident occurred.

    g.   I affirm that no police officer interviewed me as a credible witness.

4.   If any living soul has information that will controvert and overcome this Declaration, since this a commercial matter, please advise me IN WRITING by DECLARATION/AFFIDAVIT FORM, under your unlimited commercial liability, including but not limited to the pains and penalties of perjury, within 28 days providing me with your counter Declaration/Affidavit, proving with particularity by stating all requisite actual evidentiary fact(s) and all requisite actual law, and not merely the ultimate facts and law conclusions that this affidavit by Declaration is substantially and materially my or the fiction's status and factual declaration.

5.   Your silence stands as consent, and tacit approval, for the factual declarations here being established as fact as a law matter and this affidavit by Declaration will stand as evidence against you.

## Plain Statement of Facts

        I declare that the statements above are true to the best of my information, knowledge, and belief.

Carol Jean Groulx  
2070 Houlihan Road  
Saginaw Michigan  
989 860-2550

8-13-24  
Date

## **JURAT**

SAGINAW COUNTY            )
                                              )
MICHIGAN STATE            )

Subscribed and affirmed before me this _____13th_____ day for the _____aug_____ month in the year of our Primal Creator, Two Thousand and Twenty-Four (2024), A.D.

_____
Notary

_____1115 B washington Saginaw MI 48601_ Seal
Address of notary

_____7 - 30 28_____
My notary expires

HOWARD EAGLE
Notary Public - State of Michigan
County of Saginaw
My Commission Expires Jul 30, 2028
Acting in the County of _Sagnw_

*Exhibit C*

# MCL - Section 257.649
Download Section

Chapter 257

Act 300 of 1949

300-1949-VI

300-1949-VI-RIGHT-OF-WAY

◀ Previous Section    Next Section ▶

## MICHIGAN VEHICLE CODE (EXCERPT)
## Act 300 of 1949

**257.649 Right of way; rules; violation as civil infraction.**
Sec. 649.

(1) The driver of a vehicle approaching an intersection shall yield the right of way to a vehicle that has entered the intersection from a different highway.

(2) When 2 vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right.

(3) The right of way rules in subsections (1) and (2) are modified at through highways and otherwise as provided in subsection (4) and in this chapter.

(4) The driver of a vehicle approaching an intersection that is controlled by a traffic control signal shall do all of the following, if the signal facing the driver exhibits no colored lights or colored lighted arrows, exhibits a combination of colored lights or colored lighted arrows that fails to clearly indicate the assignment of right of way, or the signals are otherwise malfunctioning:

(a) Stop at a clearly marked stop line, or, if there is no clearly marked stop line, stop before entering the crosswalk on the near side of the intersection, or, if there is no crosswalk, stop before entering the intersection.

(b) Yield the right of way to all vehicles in the intersection or approaching on an intersecting road, if those vehicles will constitute an immediate hazard during the time the driver is moving across or within the intersection.

(c) Exercise ordinary care while proceeding through the intersection.

(5) Subsection (4) does not apply to either of the following:

(a) An intersection that is controlled by a traffic control signal that is flashing yellow unless certain events occur, including, but not limited to, activation by an emergency vehicle.

(b) A traffic control signal that is located in a school zone and is flashing yellow only during prescribed periods of time.

(6) The driver of a vehicle approaching a yield sign, in obedience to the sign, shall slow down to a speed reasonable for the existing conditions and shall yield the right of way to a vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard during the time the driver would be moving across or within the intersection. However, if required for safety to stop, the driver shall stop before entering the crosswalk on the near side of the intersection or, if there is not a crosswalk, at a clearly marked stop line; but if there is not a crosswalk or a clearly marked stop line, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway.

(7) The driver of a vehicle traveling at an unlawful speed forfeits a right of way that the driver might otherwise have under this section.

(8) Except when directed to proceed by a police officer, the driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the crosswalk on the near side of the intersection, or if there is not a crosswalk shall stop at a clearly marked stop line; or if there is not a crosswalk or a clearly marked stop line, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway. After having stopped, the driver shall yield the right of way to a vehicle that has entered the intersection from another highway or that is approaching so closely on the highway as to constitute an immediate hazard during the time when the driver would be moving across or within the intersection.

(9) When a vehicle approaches the intersection of a highway from an intersecting highway or street that is intended to be, and is constructed as, a merging highway or street, and is plainly marked at the intersection with appropriate merge signs, the vehicle shall yield right of way to a vehicle so close as to constitute an immediate hazard on the highway about to be entered and shall adjust its speed so as to enable it to merge safely with the through traffic.

(10) A person who violates this section is responsible for a civil infraction.

**History:** 1949, Act 300, Eff. Sept. 23, 1949 ;-- Am. 1955, Act 165, Imd. Eff. June 13, 1955 ;-- Am. 1959, Act 234, Eff. Mar. 19, 1960 ;-- Am. 1966, Act 237, Eff. Mar. 10, 1967 ;-- Am. 1978, Act 510, Eff. Aug. 1, 1979 ;-- Am. 2018, Act 109, Eff. July 23, 2018

Acceptable Use Policy   Privacy Policy   DMCA Policy   Comment Form   Legislative Directory
Accessibility   Site Map

Bills   Meetings   Laws

The Michigan Legislature Website is a free service of the Legislative Service Bureau in cooperation with the Michigan Legislative Council, the Michigan House of Representatives, the Michigan Senate, and the Library of Michigan. This site is intended to provide accurate and timely legislative information to the citizens of the State of Michigan and other interested parties. Additional historical documents can be found at https://www.michigan.gov/libraryofmichigan. The information obtained from this site is not intended to replace official versions of that information and is subject to revision. The Legislature presents this information, without warranties, express or implied, regarding the accuracy of the information, timeliness, or completeness. If you believe the information is inaccurate, out-of-date, or incomplete or if you have problems accessing or reading the information, please send your concerns to the appropriate agency using the online Comment Form in the bar above this text.

Exhibit
D

Houlihan Road

Private
Res

General
Dollar

Motorcyclist

East Road

Bldg/Accident Party Store

300ft

Privat
Res.

Township Building

Entrance to township parking lot

Township Parking lot

Contact/Impact position where Accident Occured

POOR QUALITY ORIGINAL

| State of Michigan Uniform Law Citation | Ticket No. **7331535** | |
|---|---|---|
| US DOT # | Incident No. | ☐ Victim Involved  Dept. No. **173** |

| The People of : ☐ The State of Michigan ☐ Township ☐ City ☐ Village ☒ County of **SAGINAW** | Local Arrest No. | Detection Device |
| | BAC | Detected Speed |

THE UNDERSIGNED SAYS THAT ON | Month **8** Day **1** Year **2024** | At Approx. **2:10 PM** | Date of Birth | Month **5** Day **20** Year **1977**

State MI  ☐ Oper. ☐ Chauff.  ☐ CDL | Driver's License Number **G-642-676-441-381**

| Race **White** | Sex **M** | Height **511** | Weight **165** | Hair **BLD** | Eyes **BLU** |

Occupation/Employer

Name (First, Middle, Last)  **PATRICK JOSEPH GROULX**

| Street **2370 HOULIHAN RD** | City **SAGINAW** | State **MI** | Zip Code **48601** |
| Email Address | | Cell Phone | |

| Veh. Plate No. **EVH3702** | Year **2024** | State **MI** | Vehicle Description(Year,Make,Color) **2009 MINI RED** | Veh. Type **PA** |

THE PERSON NAMED ABOVE, in violation of ☐ Local Ordinance ☐ Admin. Rule ☒ State Law

UPON  **EAST RD**

AT OR NEAR  **HOULIHAN RD**

Within ☐ City ☐ Village ☒ Township OF **SPAULDING TWP**

COUNTY OF **SAGINAW**  DID THE FOLLOWING

| * Type | MCL Cite/PACC Code/ Ordinance | Description | Charge No |
|---|---|---|---|
| ☒ Civil ☐ Warn ☐ Misd ☐ Fug ☐ Fel ☐ Waiv | ☐ Authorization Pend. **257.649** | **FAIL TO YIELD-ACCIDENT** | 1 |
| Civil Warn Misd Fug Fel Waiv | Authorization Pend. | | 2 |
| Civil Warn Misd Fug Fel Waiv | Authorization Pend. | | 3 |

TO THE COURT: Do not arraign on a felony charge until an authorized complaint is filed

SEE DATE BELOW. SEE RIGHT SIDE OF CITATION FOR EXPLANATION AND INSTRUCTIONS

Offense Code(s)

| 1 | 2 | 3 |
|---|---|---|
| * Key=C=Civil Citation. Warn=Citation for Which Fines/Costs May Be Waived | Misd=Misdemeanor | Waiv=Warning. Pend=Authorization pending |

Remarks

VIN: **WMWMF3351aTW76586**

Distance: ____ ft

CHECK IF APPROPRIATE
☐ Construction Zone ☐ Damage to Property
☐ Vehicle Impounded ☐ Injury
☐ Traffic Crash ☐ Death
☐ Person in Active Military Service

☐ Local Court Bond **$0.00**
☐ License Posted in Lieu of Bond
☐ Appearance Certificate
☒ None

※ Appearance date on or before **14 days**

☐ Contact Court

☐ Hearing Date( if applicable) on :

☐ Juvenile Traffic Misc. : ☐ Formal Hearing Required. (Court will Notify)

| 70th District Court | MI7300353 |

Court Address & Phone Number
70th District Court
111 S. Michigan Ave.
Saginaw, MI 48602
(989)790-5390
Office Hours: 8 a.m. – 4:45 p.m. Monday - Friday

☑ I have a copy of the citation or sample upon his defendant or same citation by pushing if applicable
I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

| Complainant's Signature and receipt if applicable | Month **8** Day **1** Year **2024** |
| **James Laporte** | |
| Officer's Name (printed) **James Laporte** | Officer's ID No **117** |
| Agency ORI **MI7317300** | Agency Name **Saginaw County Sheriff's Office** |

Authority: 1549 PA 300
Compliance: Voluntary

---

**CIVIL INFRACTION - READ CAREFULLY**

**WARNING** *If you fail to appear by the date specified on the front of this citation or the date and time scheduled for hearing, a default judgement will be entered against you, and, if this is a traffic violation, your driver license will be suspended. A defendant who fails to comply with an order or judgement for a state civil infraction is guilty of a misdemeanor. A defendant who fails to answer a citation or notice to appear in court for a municipal civil infraction is guilty of a misdemeanor.*
*Timely application to the court for a hearing or return of the citation with an admission of responsibility and with full payment of applicable civil fines and costs constitutes a timely appearance.*

Unless this is a municipal civil infraction, if you fail to answer this citation or a notice to appear in court or to comply with a judgment, the court will notify the Secretary of State of that failure and the Secretary of State will suspend your driver license. If this is a municipal civil infraction, the municipal agency that alleged the violation and the prosecutor may try to collect the judgement through civil post judgement collection procedures.

You are also to be responsible for a civil infraction. For each charge listed on the front of this ticket, you must either: 1) admit responsibility, or 2) admit responsibility with explanation or 3) deny responsibility. Check the appropriate box for each charge and sign your name.

If you are not able to pay due to financial hardship, contact the court immediately to request a payment alternative.

**ADMIT RESPONSIBILITY** by mail, in person, or by representation.
**BY MAIL.** Contact the court indicated on the front of this citation and obtain the amount of your fine and costs. Sign below. Mail this copy with your certified check or money order to the court clerk on or before the date specified on the front of this citation.
**IN PERSON OR BY REPRESENTATION.** Sign below. You or your representative must bring this copy to the court clerk at the address indicated on the front of this citation on or before the date specified on the front of this citation in person.
**I enter my appearance, waive my right to a hearing, and I admit responsibility for the civil infraction alleged on the front of this citation.**

| Charge 1 Signature _____ | Date _____ |
| Charge 2 Signature _____ | Date _____ |
| Charge 3 Signature _____ | Date _____ |

**ADMIT RESPONSIBILITY WITH EXPLANATION.** You may admit responsibility with explanation of the circumstances of the violation which the court may consider in determining the amount of your fine and costs. You may admit responsibility with explanation by mail, in person, or by representation.

**IN PERSON OR BY REPRESENTATION.** Contact the court on or before the date specified on the front of this citation in person, by mail, by telephone, or by representation to obtain a time to appear in court to give your explanation.

**BY MAIL.** Sign below. Mail this copy and your explanation on a separate sheet of paper to the court clerk at the address indicated on or before the date specified on the front of this citation. The court will mail you its determination and, if applicable, order any fine and costs to be paid by you.

**I enter my appearance by mail, waive my right to a hearing, and admit responsibility with explanation for the civil infraction alleged on the front of this citation.**

| Charge 1 Signature _____ | Date _____ |
| Charge 2 Signature _____ | Date _____ |
| Charge 3 Signature _____ | Date _____ |

**DENY RESPONSIBILITY.** To deny responsibility you must either:
Appear in person in court for an informal hearing before a magistrate, referee, or judge; neither side may have an attorney, OR
Appear in court for a formal hearing before a judge. An attorney will be with the officer. You may be represented by an attorney.

If a hearing date is specified on the front of this citation, you must appear on that date for an informal hearing unless you contact the court at least 10 days before the date by mail, telephone, representation, or in person to request a formal hearing.

If an appearance date is specified on the front of this citation, you must contact the court on or before that date by mail, telephone, representation, or in person to obtain a hearing date. The court will schedule an informal hearing unless you request a formal hearing. A municipal agency may also request a formal hearing.

☐ Charge 1   ☐ Charge 2   ☐ Charge 3

**VIOLATION FOR WHICH THE COURT MAY WAIVE FINE/COSTS:**
Correct the violation. Present the citation to any law enforcement officer to certify the correction. Mail or bring the citation to the court clerk at the address shown before your appearance or hearing date.

**OFFICER CERTIFICATION** I certify that the violation described on the front of this citation has been corrected.

| ☐ Charge 1 | on front of ticket |
| ☐ Charge 2 | on front of ticket |
| ☐ Charge 3 | on front of ticket |

| Officer's Signature | Officer's ID No | Date |
| Agency Name | Agency ORI | |

Notify the court and the Secretary of State immediately if you change your address.

**PLEASE NOTE:** If you do not understand these instructions, or if you have questions about what you must do, contact the court in person or by telephone on or before the appearance date or hearing date specified on the front of this citation.

Ticket No. **7331535**   Name **PATRICK JOSEPH GROULX**   Case No.

Exhibit
F

# MCL - Article XI § 1
Download Section

Chapter 1

CONSTITUTION OF MICHIGAN OF 1963

Constitution-XI

◀ Previous Section    Next Section ▶

**STATE CONSTITUTION (EXCERPT)**
**CONSTITUTION OF MICHIGAN OF 1963**

**§ 1 Oath of public officers.**

Sec. 1.

   All officers, legislative, executive and judicial, before entering upon the duties of their respective offices, shall take and subscribe the following oath or affirmation: I do solemnly swear (or affirm) that I will support the Constitution of the United States and the constitution of this state, and that I will faithfully discharge the duties of the office of .......... according to the best of my ability. No other oath, affirmation, or any religious test shall be required as a qualification for any office or public trust.

**History:** Const. 1963, Art. XI, § 1, Eff. Jan. 1, 1964
**Former Constitution:** See Const. 1908, Art. XVI, § 2.

Acceptable Use Policy   Privacy Policy   DMCA Policy   Comment Form   Legislative Directory
Accessibility   Site Map

📶 Bills  📶 Meetings  📶 Laws

The Michigan Legislature Website is a free service of the Legislative Service Bureau in cooperation with the Michigan Legislative Council, the Michigan House of Representatives, the Michigan Senate, and the Library of Michigan. This site is intended to provide accurate and timely legislative information to the citizens of the State of Michigan and other interested parties. Additional historical documents can be found at https://www.michigan.gov/libraryofmichigan. The information obtained from this site is not intended to replace official versions of that information and is subject to revision.

Eighth Amendment Cruel and Unusual Punishment

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

Exhibit
G

# 42 U.S. Code § 1983 - Civil action for deprivation of rights

Exhibit H

U.S. Code     Notes

prev | next

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

# MCL - Section 257.742

Download Section

Exhibit
I

Chapter 257

Act 300 of 1949

300-1949-VI

300-1949-VI-SIZE-WEIGHT-AND-LOAD

◀ Previous Section     Next Section ▶

## MICHIGAN VEHICLE CODE (EXCERPT)
## Act 300 of 1949

**257.742 Stopping, detaining, and issuing citation for civil infraction; pursuing, stopping, and detaining person outside village, city, township, or county; purpose; violation as to load, weight, height, length, or width of vehicle or load; powers of police officer; issuing citation to driver of motor vehicle; form of citation; informing person of alleged civil infraction; delivering copy of citation to alleged offender; issuing, serving, and processing citations for parking and standing violations; filing citation with court; "parking violation notice" and "parking violations bureau" defined.**
Sec. 742.

(1) A police officer who witnesses a person violating this act or a local ordinance substantially corresponding to this act, which violation is a civil infraction, may stop the person, detain the person temporarily for purposes of making a record of vehicle check, and prepare and subscribe, as soon as possible and as completely as possible, an original and 3 copies of a written citation, which shall be a notice to appear in court for 1 or more civil infractions. If a police officer of a village, city, township, or county, or a police officer who is an authorized agent of a county road commission, witnesses a person violating this act or a local ordinance substantially corresponding to this act within that village, city, township, or county and that violation is a civil infraction, that police officer may pursue, stop, and detain the person outside the village, city, township, or county where the violation occurred for the purpose of exercising the authority and performing the duties prescribed in this section and section 749, as applicable.

(2) Any police officer, having reason to believe that the load, weight, height, length, or width of a vehicle or load are in violation of section 717, 719, 719a, 722, 724, 725, or 726 which violation is a civil infraction, may require the driver of the vehicle to stop, and the officer may investigate, weigh,

or measure the vehicle or load. If, after personally investigating, weighing, or measuring the vehicle or load, the officer determines that the load, weight, height, length, or width of the vehicle or load are in violation of section 717, 719, 719a, 722, 724, 725, or 726, the officer may temporarily detain the driver of the vehicle for purposes of making a record or vehicle check and issue a citation to the driver or owner of the vehicle as provided in those sections.

(3) A police officer may issue a citation to a person who is a driver of a motor vehicle involved in an accident when, based upon personal investigation, the officer has reasonable cause to believe that the person is responsible for a civil infraction in connection with the accident. A police officer may issue a citation to a person who is a driver of a motor vehicle when, based upon personal investigation by the police officer of a complaint by someone who witnessed the person violating this act or a local ordinance substantially corresponding to this act, which violation is a civil infraction, the officer has reasonable cause to believe that the person is responsible for a civil infraction and if the prosecuting attorney or attorney for the political subdivision approves in writing the issuance of the citation.

(4) The form of a citation issued under subsection (1), (2), or (3) shall be as prescribed in sections 727c and 743.

(5) The officer shall inform the person of the alleged civil infraction or infractions and shall deliver the third copy of the citation to the alleged offender.

(6) In a civil infraction action involving the parking or standing of a motor vehicle, a copy of the citation is not required to be served personally upon the defendant but may be served upon the registered owner by attaching the copy to the vehicle. A city may authorize personnel other than a police officer to issue and serve a citation for a violation of its ordinance involving the parking or standing of a motor vehicle. A city may authorize a person other than personnel or a police officer to issue and serve a citation for parking violations described in section 675d if the city has complied with the requirements of section 675d. State security personnel receiving authorization under section 6c of 1935 PA 59, MCL 28.6c, may issue and serve citations for violations involving the parking or standing of vehicles on land owned by the state or land of which the state is the lessee when authorized to do so by the director of the department of state police.

(7) If a parking violation notice other than a citation is attached to a motor vehicle, and if an admission of responsibility is not made and the civil fine and costs, if any, prescribed by ordinance for the violation are not paid at the parking violations bureau, a citation may be filed with the court described in section 741(4) and a copy of the citation may be served by first-class mail upon the registered owner of the vehicle at the owner's last known address. A parking violation notice may be issued by a police officer, including a limited duty officer, or other personnel duly authorized by the city, village, township, college, or university to issue such a notice under its ordinance. The citation filed with the court pursuant to this subsection need not comply in all particulars with sections 727c and 743 but shall consist of a sworn complaint containing the allegations stated in the parking violation notice and shall fairly inform the defendant how to respond to the citation.

(8) A citation issued under subsection (6) or (7) for a parking or standing violation shall be processed in the same manner as a citation issued personally to a defendant under subsection (1) or (3).

(9) As used in subsection (7):

(a) "Parking violation notice" means a notice, other than a citation, directing a person to appear at a parking violations bureau in the city, village, or township in which, or of the college or university for which, the notice is issued and to pay the fine and costs, if any, prescribed by ordinance for the parking or standing of a motor vehicle in violation of the ordinance.

(b) "Parking violations bureau" means a parking violations bureau established pursuant to section 8395 of the revised judicature act of 1961, 1961 PA 236, MCL 600.8395, or a comparable

parking violations bureau established in a city or village served by a municipal court or established pursuant to law by the governing board of a state university or college.

**History:** Add. 1978, Act 510, Eff. Aug. 1, 1979 ;-- Am. 1979, Act 66, Eff. Aug. 1, 1979 ;-- Am. 1980, Act 249, Imd. Eff. July 28, 1980 ;-- Am. 1980, Act 426, Imd. Eff. Jan. 13, 1981 ;-- Am. 1981, Act 104, Eff. Oct. 1, 1981 ;-- Am. 1984, Act 74, Imd. Eff. Apr. 18, 1984 ;-- Am. 1989, Act 89, Eff. Sept. 19, 1989 ;-- Am. 1998, Act 68, Imd. Eff. May 4, 1998 ;-- Am. 2000, Act 268, Eff. Oct. 1, 2000 ;-- Am. 2008, Act 171, Imd. Eff. July 2, 2008

Acceptable Use Policy   Privacy Policy   DMCA Policy   Comment Form   Legislative Directory
Accessibility   Site Map

Bills   Meetings   Laws

The Michigan Legislature Website is a free service of the Legislative Service Bureau in cooperation with the Michigan Legislative Council, the Michigan House of Representatives, the Michigan Senate, and the Library of Michigan. This site is intended to provide accurate and timely legislative information to the citizens of the State of Michigan and other interested parties. Additional historical documents can be found at https://www.michigan.gov/libraryofmichigan. The information obtained from this site is not intended to replace official versions of that information and is subject to revision. The Legislature presents this information, without warranties, express or implied, regarding the accuracy of the information, timeliness, or completeness. If you believe the information is inaccurate, out-of-date, or incomplete or if you have problems accessing or reading the information, please send your concerns to the appropriate agency using the online Comment Form in the bar above this text.

Exhibit J

AMENDMENT XIV

Section 1.
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.