UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| JOHN DOE,<br>Traffic ticket 7331535 from 70th District<br>Court of Saginaw County, Michigan, | Case No. 1:24-cv-12129 |
| | Thomas L. Ludington<br>United States District Judge |
| *Plaintiff*, *Counter-Defendant*,<br>v. | |
| | Patricia T. Morris<br>United States Magistrate Judge |
| PATRICK-JOSEPH GROULX, | |
| *Defendant, Counter-Plaintiff.*<br>_____/ | |

## REPORT AND RECOMMENDATION

I.  RECOMMENDATION

For the following reasons, I **RECOMMEND** that the Court find that removal was improper, this Court lacks subject matter jurisdiction, and the case should be **REMANDED** to the 70th District Court.

II.  REPORT

A.  INTRODUCTION

Patrick-Joseph Groulx received a traffic citation on August 1, 2024, after allegedly "fail[ing] to yield at an intersection" and "causing an accident." (ECF No. 1, PageID.1, 4). The citation indicates that the accident occurred in Spaulding Township, which is located in Saginaw County, Michigan, and charges Groulx with

1

violating Mich. Comp. L. § 257.649, a civil infraction. (*Id.* at PageID.4); Mich. Comp. L. § 257.649(10).

### B. BACKGROUND

Under Michigan's Motor Vehicle Code, "a civil infraction action is commenced upon the . . . service of a citation" by a "police officer." Mich. Comp. L. §§ 257.741(1), 257.742(1), (3); *see also* Mich. Ct. R. 4.101(A)(1). The citation must name either the state or a municipality as the "plaintiff," and it must state the name of the defendant, the alleged infraction, the court in which the defendant must "appear," and the "time . . . by which the appearance [must] be made . . . ." Mich. Comp. L. §§ 257.741, 257.743(1).

The defendant may respond to the citation in three ways. *Id.* § 257.743(2). First, the defendant may "[a]dmit responsibility" for the infraction "in person, by representation, or by mail." *Id.* § 257.745(2). Second, the defendant may—in-person or by mail, telephone, or representative—admit responsibility "with" an "explanation," informing the court of any mitigating circumstances that it should consider when imposing a sanction. *Id.* § 257.745(3)–(4). And third, the defendant may "deny responsibility" by scheduling, and appearing at, a hearing. *Id.* § 257.745(5).

Groulx's citation informed him of each option and instructed him to appear before the 70th District Court in Saginaw, Michigan, by August 15, 2024. (ECF

2

No. 1, PageID.4). Rather than respond to the citation in a manner allowed by the Motor Vehicle Code, Groulx attempted to remove the matter to the Eastern District of Michigan under 28 U.S.C. § 1441 one day before he needed to appear before the 70th District Court. (*See id.* at PageID.2, 5). Groulx's alleged basis for removal is federal question jurisdiction, and he asserts that

> Plaintiff/Counter Defendant employee, James Laporte has violated his Constitutional Rights of the 4th Amendment of pursing an action against Defendant/Counter Plaintiff with no probable cause, violating his 8th Amendment of unusual punishment by issuing Defendant/Counter Plaintiff a traffic ticket for alleging that he failed to yield at an intersection causing an accident and violated his 14th amendment right of due process by confusing him by issuing him the traffic ticket when the Plaintiff/Counter Defendant employee, James Laporte knowingly knows that the alleged claim to the Complaint cannot be sustained and his due process of a summons and complaint when it is vague and has to guess at who the Plaintiff/Counter Defendant is and guess at what the case number is, and guess at what evidence there is to support the summons and complaint.

(ECF No. 1, PageID.2.)

After this attempted removal, Groulx (apparently acting as counter-plaintiff) moved the Court for leave to proceed *in forma pauperis* ("IFP"). (ECF No. 2). Groulx then filed a counterclaim against John Doe on August 14, 2024. (ECF No. 3). The Undersigned granted his motion to proceed IFP (ECF No. 7) and, having reviewed Groulx's allegations, recommends that the Court find that removal was not proper because this Court lacks subject matter jurisdiction. The case should thus be remanded to the 70th District Court.

3

## C. ANALYSIS

Federal courts are under an independent obligation to examine their own jurisdiction. *U.S. v. Hays,* 515 U.S. 737, 742 (1995). Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The removal statute, 28 U.S.C. § 1441, allows state court defendants to remove "any civil *action*" to a federal district court that has "original jurisdiction" to hear that "*action*." It is well established that the statute thus permits removal only when the district court can exercise original jurisdiction over the precise action in state court. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."); *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 456 (6th Cir. 1996) (same).

Only two bases of original jurisdiction exist—federal question jurisdiction and diversity jurisdiction. The first provides district courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The second creates diversity jurisdiction where the matter is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. If the Court lacks subject matter

4

jurisdiction over a case removed to it, "the case shall be remanded" and the "State court may thereupon proceed with such case." 28 U.S.C. § 1447(c).

The party seeking to remove an action to federal court has the burden of establishing that the district court has original jurisdiction. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000); *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Removal statutes should be narrowly construed because federal courts have limited jurisdiction and because removal of a case raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 555 (6th Cir. 2005). The Sixth Circuit follows a policy that "all doubts should be resolved against removal." *Harden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).

"[A] case can 'aris[e] under' federal law in two ways." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). First, a federal law can create the plaintiff's cause of action. *Id.* Thus, in *American Well Works Co. v. Layne & Bowler Co.*, Oliver Wendell Holmes, Jr. wrote, "A suit arises under the law that creates the cause of action." 241 U.S. 257, 260 (1916). The readily apparent origin of the claim, state or federal, decides jurisdiction. Second, the Supreme Court has established that, in a narrow class of cases, federal jurisdiction exists where an important federal issue lies entangled at the heart of a state claim. *Gunn*, 568 U.S. at 258. The first path is by far the more common.

The basic rule guiding the analysis along both paths, called the well-pleaded complaint rule, determines the issue based on the plaintiff's complaint. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *see also Gentek Bldg. Prod., Inc. v. Steel Peel Litig. Trust*, 491 F.3d 320, 325 (6th Cir. 2007). That is, "[i]f the complaint relies only on state law, the district court generally lacks subject-matter jurisdiction, and the action is not removable. This makes the plaintiff the master of the complaint; the plaintiff may simply avoid federal jurisdiction by relying exclusively on state law." *Gentek*, 491 F.3d at 325 (citations omitted). Generally, a state law claim cannot be recharacterized as a federal claim for the purpose of removal. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 515 (6th Cir. 2003). Similarly, a case may not be removed to federal court on the basis of a federal defense, even when both parties concede that the federal defense is the only real question at issue. *Caterpillar*, 482 U.S. at 393. A defendant has no inherent right to a federal forum for adjudication of federal rights absent exclusive federal jurisdiction. *Franchise Tax Bd.*, 463 U.S. at 10.

Section 1441 applies only to the removal of civil cases and thus, does not provide a basis for removal of the instant traffic ticket. *Ohio v. Belmon*, No. 2:22-cv-00897, 2022 WL 2612588, at *1 (D. Nev. June 24, 2022) (finding no basis for removal of traffic ticket and remanding case); *accord C. North PTL v. Bennett*, No. 4:22-360, 2022 WL 993822, at *1 (D.S.C. Feb. 23, 2022); *Franklin Co. Mun.*

*Columbus, Ohio v. Parrish*, No. 2:18-cv-358, 2018 WL 4566046, at *1 (S.D. Ohio Apr. 27, 2018), *Mnuk v. Texas*, No. A–14–CA–1128–SS, 2015 WL 4395376, *1 (W.D. Tex. Mar. 5, 2015). A "traffic citation prosecution [as the one] at issue here is undoubtedly a criminal proceeding." *Mississippi v. Arnold*, No. 4:18-CV-191, 2019 WL 3381771, at *2 (N.D. Miss. July 26, 2019). Although there are limited exceptions where a criminal case may be removed, there are no allegations that would support any of the exceptions applying in the instant case. *See* 28 U.S.C. §1442 (removing party an officer of the United States); §1442a (member of the armed forces); §1443 (specific civil rights stated in terms of racial equality). This result is not altered by Groulx raising violations of his civil rights as a defense to the ticket. *Burr v. Gansler*, No. CCB-12-3736, 2013 WL 12112573, at *1 (D. Md. Jan. 3, 2013); *New York v. Parker*, No. 6:21-CV-1276, 2022 WL 103121, at *2 (N.D.N.Y. Jan. 10, 2022).

III.   **CONCLUSION**

For these reasons, **I RECOMMEND** that the Court find that removal was improper, this Court lacks subject matter jurisdiction, and the case should be **REMANDED** to the 70th District Court in Saginaw, Michigan.

IV.   **REVIEW**

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may

serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

8

Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 4, 2024            S/PATRICIA T. MORRIS
                                                                     Patricia T. Morris
                                                                     United States Magistrate Judge